UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC MICHAEL MOSES,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. C18-5055-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Eric Michael Moses proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1963.[1] He completed two years of college and previously worked as a general hardware salesperson, cabinet maker, carpenter, and construction superintendent. (AR 38, 56.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff protectively filed for SSI in May 2014, alleging disability beginning December 30, 2003. (AR 233.) The application was denied initially and on reconsideration.

On August 15, 2016, ALJ Gene Duncan held a hearing, taking testimony from plaintiff, a medical expert (ME), and a vocational expert (VE). (AR 34-66.) His alleged onset date was amended to the May 5, 2014 protective filing date. (AR 39.) On November 1, 2016, the ALJ issued a decision finding plaintiff not disabled. (AR 20-28.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on December 18, 2017 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the May 5, 2014 application date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's degenerative disc disease of the lumbosacral spine with osteophytosis, chronic obstructive pulmonary disease (COPD), sleep apnea, and obesity. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to lift and/or carry up to twenty pounds occasionally and ten pounds frequently, and to stand and/or walk four hours and sit six hours in an eight-hour workday. He can perform occasional postural movements, but no climbing tall ladders, working at heights or near hazards, or crawling or balancing; cannot work around moving machinery and should not be exposed to concentrated levels of pulmonary irritants or extreme hot and cold temperatures; should perform work with goals and not numerical quotas; can work independently; should have no direct access to drugs or alcohol and should not be in charge of safety of others; would be off task six percent of the day; and should not do conveyor belt work. With that assessment, the ALJ found plaintiff unable to perform past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a cashier II, counter clerk, and ticket taker.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of

ORDER
PAGE - 3

which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers harmful error in the evaluation of his symptom testimony and requests remand to cure the error. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Symptom Testimony

An ALJ must provide specific, clear, and convincing reasons to reject a claimant's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible[2] and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). The ALJ may consider a claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ noted plaintiff's statements, on a function report, that his impairments affected his ability to perform basic activities such as lifting, squatting, bending, standing, walking, kneeling, and stair climbing. (AR 25 (citing AR 304-11).) He could walk for one-to-two blocks, cannot kneel or squat without pain, cannot stand for extended lengths of time, and cannot pick up more than twenty to twenty-five pounds. He also described shortness of breath after five-to-ten minutes of exertion, and experiencing constant low back pain. At hearing, plaintiff testified he

---

[2] While the Social Security Administration eliminated the term "credibility" from its policy, *see* Social Security Ruling 16-3p, case law containing that term remains relevant.

ORDER
PAGE - 4

cannot work due to difficulty breathing and back issues, which interfered with his ability to do extended periods of sitting or physical activity. (AR 25, 39-43.) He cannot sit for long and cannot lift more than ten pounds.

The ALJ found plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms not entirely consistent with the medical and other evidence. Contrary to plaintiff's contention, and as discussed below, the ALJ provided specific, clear, and convincing reasons in support of that conclusion.

The ALJ found the medical evidence of record failed to document significant objective findings that would support limitations greater than those provided for in the RFC. (AR 25.) While plaintiff alleged disability due to degenerative disc disease, treatment records documented no complaints or treatment for low back pain between April 2003 and January 2015. (AR 279, 375-82, 529-92).) Examinations documented normal muscle strength and stability, no spinal tenderness, and normal gait, and imaging described the lumbar spine degeneration as mild to moderate, which the ME, Dr. Arnold Ostrow, testified was not clinically significant. (AR 573, 577, 580, 620-21, 624.) Plaintiff also reported pain relief with only over-the-counter medication, acetaminophen. (AR 577, 621.)

With respect to COPD, "though examinations noted decreased breath sounds shortly after his hospitalization in April 2014, by January 2015, examination noted his lungs were clear to auscultation and respiratory effort was normal." (AR 486, 492, 579.) An August 2014 pulmonary function test showed only moderate obstruction with bronchodilator response and normal diffusion capacity. (AR 458.) The values found were insufficient to meet or medically equal any listing, and treatment records noted good response to inhalers. (*See, e.g.*, AR 534.) The ALJ also found it "relevant that the claimant has consistently been advised to quit smoking and lose weight, yet he

ORDER
PAGE - 5

continues to smoke and has not lost weight based on recent treatment records." (AR 25-26 (citing AR 383, 448, 459, 463).)

The ALJ, finally, noted that plaintiff's activities had not been inconsistent with the RFC. (AR 26.) Plaintiff, for example, reported he had no problem with personal care, prepares meals, does laundry and dishes, gets around driving and walking, runs errands and shops, has no difficulty managing finances, and is engaged in activities such as reading, visiting family and friends, and watching television and movies. (AR 304-11.)

Plaintiff argues the ALJ erred in relying on an absence of objective medical evidence to fully corroborate his symptom testimony. *Robbins v. Social Security Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (ALJ may not disregard subjective symptom testimony "solely because it is not substantiated affirmatively by objective medical evidence.") He maintains the ALJ's rationale improperly "puts the cart before the horse," by trying to fit the symptoms or objective findings into the RFC. *Laborin v. Berryhill*, 867 F.3d 1151, 1154 (9th Cir. 2017) (ALJ erred by discrediting symptom testimony as inconsistent with an RFC, instead of incorporating a claimant's testimony regarding symptoms into the RFC finding: "This practice 'inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC.'") (quoting *Trevizo v. Berryhill*, 862 F.3d 987, 1000 n.6 (9th Cir. 2017).

However, "[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *accord* 20 C.F.R. § 404.1529; Social Security Ruling (SSR) 16-3p ("objective medical evidence is a useful indicator to help make reasonable

ORDER
PAGE - 6

conclusions about the intensity and persistence of symptoms"). An ALJ also properly considers inconsistency and contradiction between a plaintiff's symptom testimony and the medical evidence of record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001), and *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008). An ALJ may further properly consider evidence associated with a claimant's treatment, 20 C.F.R. § 416.929(c)(3) and SSR 16-3p, including unexplained or inadequately explained failure to seek or follow through with treatment, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), and limited or conservative treatment, *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007), and *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999).

The ALJ in this case did not discredit plaintiff's testimony because it was inconsistent with the RFC. *Cf. Laborin*, 867 F.3d at 1152-53 (ALJ erred in providing no more than a "boilerplate statement" of declining to credit claimant's testimony to the extent it was "'inconsistent with the [RFC].'") Nor did the ALJ rely solely on an absence of objective support for plaintiff's subjective reporting. The ALJ reasonably considered the absence of objective findings to support the degree of limitation alleged as one reason for not adopting plaintiff's testimony. The ALJ also provided additional specific, clear, and convincing reasons for the conclusion regarding plaintiff's testimony by identifying inconsistency or contradiction between plaintiff's allegations and the medical evidence, noting evidence of the use of conservative treatment, and considering an absence of complaints or treatment.

It should be noted that the record contains evidence showing plaintiff sought treatment for back pain in July 2013, following an incident in which he lifted a sixty-pound fountain off a shelf at work. (AR 422-32.) However, even with consideration of this evidence, it remains true that plaintiff did not complain about or seek treatment regarding back pain for lengthy periods of time.

ORDER
PAGE - 7

*See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (claimant had not had any treatment for back pain for three or four months, surgery had not been suggested, she had not had physical therapy or a referral or treatment by a chiropractor, and had not even been told to do home exercises; finding the fact claimant's pain was not severe enough to motivate her to seek such treatment, even if she did seek some treatment, "powerful evidence regarding the extent to which she was in pain.") Moreover, the objective evidence associated with the 2013 incident provides support for the ALJ's conclusion in including imaging revealing mild degenerative disc disease, with moderate joint disease and no acute abnormality. (AR 432.) The Court finds the ALJ's failure to take note of this evidence "'inconsequential to the ultimate nondisability determination'" and, therefore, harmless. *Molina*, 674 F.3d at 1115 (the court looks to "the record as a whole to determine whether the error alters the outcome of the case.")

Plaintiff also takes issue with the ALJ's consideration of the fact he failed to follow the advice of medical providers by continuing to smoke and not losing weight. He contends the ALJ erred by failing to make preliminary findings of remediation before considering this evidence. However, as the Commissioner observes, the cases cited in support of this argument are not applicable given the absence of a finding in this case that such remediation would have allowed for plaintiff to return to work. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (applying 20 C.F.R. §§ 404.1530(a), (b) and 416.930(a), (b), which provide for finding a claimant not disabled for refusal to follow prescribed medical treatment without good reason if the "treatment is expected to restore your ability to work."); *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir. 1985) ("Essential to a denial of benefits pursuant to Section 404.1530 is a finding that if the claimant followed her prescribed treatment she could return to work. No such finding was made in this case."). *See also Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir 1995) (explaining that SSR

ORDER
PAGE - 8

82-59, which delineates the circumstances in which benefits may be denied for failure to follow prescribed treatment, applies only to claimants who would otherwise be disabled within the meaning of the Social Security Act).

Ninth Circuit case law does disfavor consideration of a claimant's failure to lose weight in the assessment of symptom testimony. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (stating "the failure to follow treatment for obesity tells us little or nothing about a claimant's credibility" and finding no reason to conclude from the claimant's "failure to adhere to an 1800 calorie-per-day diet that he is not telling the truth about his medical problems that are exacerbated by his obesity.") The case law regarding a failure to quit smoking is mixed. *See, e.g., Ross v. Berryhill*, No. 15-35173, 2017 U.S. App. LEXIS 18814 at *3 (9th Cir. Sept. 28, 2017) (". . . Ross's failure to heed medical advice to stop smoking provides, at most, a tenuous basis for discounting her testimony about the severity of her pain and fatigue."); *Hurter v. Astrue*, No. 10-35997, 2012 U.S. App. LEXIS 350 at *4-5 (9th Cir. Jan. 6, 2012) ("Hurter's failure to follow prescribed treatment without adequate explanation is also relevant to a credibility analysis. Hurter continues to smoke despite warnings from her doctors regarding its impact on her lung condition and has 'decreased adherence' to her prescribed exercises due to forgetfulness.") (internal citation omitted); and *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (ALJ's finding a claimant continued to smoke "up until one month before her hearing, despite complaining of debilitating shortness of breath and acute chemical sensitivity[,]" was supported by the record and belied the claim of debilitating respiratory illness; even if the consideration of continued smoking was improper given the addictive nature of cigarettes, as argued by the claimant, any error would be harmless given the other reasons for discounting the claimant's testimony).

Given the direct impact on his COPD and functioning, the Court finds the ALJ reasonably

ORDER
PAGE - 9

considered plaintiff's continued smoking as one among several factors in the symptom evaluation assessment. (*See, e.g.*, AR 459 (August 2014: describing plaintiff as an active smoker, down from 20 cigarettes a day to 15, who does not use prescribed supplemental oxygen; noting minimal decrease in smoking since last visit and pulmonary function studies demonstrating stage III COPD, and stating: "He is counseled regarding this and the need to discontinue smoking is strongly stressed. More than 7 minutes of today's visit was spent on smoking cessation counseling. Resources to facilitate quitting are provided for the patient."; also noting counseling regarding the need to lose weight).) In light of the provision of several other specific, clear, and convincing reasons for not fully accepting plaintiff's symptom testimony and the substantial evidence support for the ALJ's conclusion overall, the Court finds the consideration of plaintiff's failure to lose weight harmless. *See Carmickle*, 533 F.3d at 1162-63 (where ALJ provides specific reasons supporting an assessment and substantial evidence supports the conclusion, error in the assessment may be deemed harmless; the relevant inquiry "is not whether the ALJ would have made a different decision absent any error, . . . [but] whether the ALJ's decision remains legally valid, despite such error.").

Plaintiff also avers error in the ALJ's consideration of his activities. The Court finds no error. "In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray v. Comm'r of SSA*, 554 F.3d 1219 (9th Cir. 2009). There are "two grounds for using daily activities to form the basis of an adverse credibility determination[,]" including (1) whether the activities contradict the claimant's testimony and (2) whether the activities "meet the threshold for transferable work skills[.]" *Orn*, 495 F.3d at 639. The ALJ here reasonably considered plaintiff's reported activities as one consideration in the decision to discount plaintiff's

ORDER
PAGE - 10

testimony as to the degree of his limitation. The fact the ALJ found the activities have "not been inconsistent" with the assessed RFC does not demonstrate error. (AR 26.) It is apparent the ALJ found plaintiff's ability to engage in various activities – including, *inter alia*, preparing meals, doing laundry and dishes, getting around by driving and walking, running errands, shopping, reading, and watching television and movies – inconsistent with his alleged inability to engage in extended sitting or physical activity. *See, e.g.*, *Molina*, 674 F.3d at 1113 ("The ALJ could reasonably conclude that Molina's activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks.")

Finally, the Court disagrees with plaintiff's contention that harmful error necessitates remand. The Court, for the reasons stated above, finds no reversible error and the ALJ's assessment supported by substantial evidence. The Court further observes that, although plaintiff does not assign error to the consideration of the medical opinions, this case is noteworthy in lacking any medical opinions contrary to the RFC assessed. (*See generally* AR 375-657.) The ALJ, in fact, found plaintiff more limited than all of the physicians who offered medical opinions. (AR 24, 26.)

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>3rd</u> day of August, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 11